UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
NATOSHA DUNSTON,

                             Plaintiff,

        v.

BABUSHKA LLC and ST. CAFE LLC,

                            Defendants.
-----------------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

24-CV-2969
(Merchant, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Before the undersigned is a motion for attorneys' fees and costs by Plaintiff Natosha Dunston, which has been referred to the undersigned for a report and recommendation by the Honorable Orelia E. Merchant, U.S. District Judge. Dkt. No. 21; Order dated Oct. 6, 2025.

For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion for attorneys' fees and costs is granted in part and denied in part.[1]

**I.    Background**

Knowledge of the facts and procedural history is presumed from the Report and Recommendation, Dkt. No. 19, which was adopted in full on January 13, 2025. *See* Order dated January 13, 2025. A brief summary follows.

Plaintiff commenced this action, pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12181, *et seq.* ("ADA"), on April 22, 2024, against defendants Babushka LLC and St Cafe LLC after allegedly encountering structural barriers at a restaurant that purportedly impeded Plaintiff's access to the business in contravention of the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). *See generally* Dkt. No. 1.

---

[1] Emily Miller, a judicial intern who is a third-year law student at the Washington University School of Law in St. Louis, is gratefully acknowledged for her assistance in the research of this Report and Recommendation.

After voluntarily dismissing Babushka LLC as a defendant to the action on May 9, 2024 (Dkt. No. 7), Plaintiff moved for default judgment against the sole remaining defendant, St Cafe LLC ("Defendant") on October 1, 2024. *See* Dkt. Nos. 12-13, 16. In Plaintiff's motion, Plaintiff requested the Court retain jurisdiction regarding Plaintiff's attorneys' fees and 180 days after the entry of default judgment to make such a motion. Dkt. No. 13 at 10. Plaintiff, however, cited to no legal authority nor provided any supporting documents as to this request. *Id.*

On October 19, 2024, the undersigned directed Plaintiff to provide support for Plaintiff's claim for attorneys' fees or costs, including an affidavit, contemporaneous time records, and biographical information for each attorney and staff. Order dated Oct. 19, 2024. On October 24, 2024, Plaintiff filed a letter and attached an "addendum to this letter, exhibiting the Attorney and other staff who worked in litigating this matter, their biographical information, contemporaneous time sheets and the nature of said work, as well as the rates for such compilation." Dkt. No. 18, 18-1 & 18-2.

On December 19, 2024, the undersigned issued a Report and Recommendation that Plaintiff's motion be granted in part and denied in part. *See* Dkt. No. 19. Regarding allowing 180 days to move for attorney's fees and costs, the undersigned recommended that Plaintiff be given 180 days after the entry of default judgment to make the full motion for attorneys' fees and costs because "courts in this District prefer to evaluate [attorneys' fees and costs] motions after the attorney can demonstrate reasonable efforts to enforce the injunction." *Dunston v. Babushka, LLC*, No. 24-CV-2969 (OEM) (JAM), 2024 WL 5164694, at *12 (E.D.N.Y. Dec. 19, 2024), *report and recommendation adopted*, Order dated Jan. 13, 2025 (quoting *Dunston v. Spice of India, Inc.*, No. 20-CV-493 (PKC) (VMS), 2022 WL 994502, at *6 (E.D.N.Y. Feb. 14, 2022), *report and*

2

*recommendation adopted*, Order dated Mar. 17, 2022). On January 13, 2025, Judge Merchant adopted the Report and Recommendation. *See* Order dated Jan. 13, 2025.

As set forth in Judge Merchant's January 13, 2025 order, the Court issued the following injunction against Defendant:

> (1) Defendant shall prepare architectural plans remedying the violations of the Americans with Disabilities Act Accessibility Guidelines described in the Complaint; (2) provide Plaintiff's counsel with those plans for review within 90 days of this order. Thirty (30) days after receipt of the plans, Plaintiff may file a motion to consent or to seek relief from the Court. Defendant shall, in turn, be permitted to complete the necessary alterations within 60 days after either (1) Plaintiff consents to the architectural plans or (2) any ruling on Plaintiff's request for further relief. Plaintiff's request to close the subject premises until the remediation is completed is denied. Finally, Plaintiff has 180 days, until July 14, 2025, to move for attorney's fees and costs.

*Id.*

On July 14, 2025, Plaintiff's counsel, Maria C. Barducci, moved for attorneys' fees and costs. *See* Dkt. No. 21. On October 6, 2025, Judge Merchant referred Ms. Barducci's motion for attorneys' fees and costs to the undersigned. *See* Order dated October 6, 2025.

Despite initially requesting 180 days to file an attorney's fees and costs motion, Plaintiff's counsel does not seek any hours on efforts to enforce the injunction. Dkt. No. 21 ¶¶ 8, 12 (seeking the same hours as Plaintiff's contemporaneous time records filed before the December 19, 2024 Report and Recommendation and referring to the billing records in Dkt. No. 18-2). To date, Defendant remains in default and has not opposed Plaintiff's motion.

**II.   Discussion**

"A prevailing plaintiff in an ADA case is entitled to recover reasonable attorneys' fees and costs." *Dunston*, 2024 WL 5164694, at *12. Plaintiff here is unquestionably a prevailing party because the Court granted default judgment. *Pierre v. Smith Street Bagels, Inc.*, No. 23-cv-7901

3

(ARR) (CLP), 2025 WL 2371077, at *10, *report and recommendation adopted*, 2025 WL 2371020 (E.D.N.Y. Aug. 14, 2025); Dkt. No. 20 (Default Judgment).

In the instant case, Plaintiff's counsel, Ms. Barducci, seeks $6,615 in legal fees and $2,465.28 in costs, plus "further administrative fees from work conducted by this firm's staff" for a total award of $9,767.78.[2]  Dkt. No. 21 ¶ 8, 12, 13.  Plaintiff does not specify in her motion how much her requests for the "further administrative fees from work conducted by this firm's staff." *See* Dkt. No. 18-2.  In her billing breakdown, it seems that this refers to a $687.50 figure labeled as administrative work, however, it does not specify who performed this work.  *Id.*  This administrative work included tasks such as filing, downloading, and reviewing documents, as well as basic document drafting and service of documents on the defendants.  *Id.*  Ms. Barducci submitted an affirmation in support of her initial request for attorneys' fees, wherein she sought a rate of $525 per hour for her legal work.  Dkt. No. 18-1 ¶ 7.  In support of her suggested hourly rate, Ms. Barducci notes that, upon "start[ing] [her] own practice in 2014" she has "handled approximately 100 ADA cases."  *Id.* at ¶¶ 8, 9.  She notes that she "has over 8 years of litigation experience," across "all phases of discovery, pleadings, and all motions practice."  *Id.* at ¶¶ 8, 9.  She also includes, as an attachment, an attorneys' fees and costs statement with contemporaneous time records for 3.4 administrative hours, billed at $125 per hour.  Dkt. No. 21 ¶ 12 (citing to Dkt. No.18-2).

"Both the [Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case–creates a

---

[2] It appears that Plaintiff's counsel made errors in her calculations.  If she completed 13.2 hours of legal work at a rate of $525 per hour, she should have requested $6,930 in legal fees.  Similarly, if she completed 3.4 hours of administrative work at a rate of $125 per hour, she should have requested $425 in administrative fees.  The total fees requested equals $7,355.  Thus, with the requested costs of $2,465.28, the total amount requested should have been $9,820.28.

4

'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "The lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010); *see also Millea*, 658 F.3d at 167. "[T]he lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue*, 559 U.S. at 551.

The burden of proof for reasonability of fees lies with the party seeking fees. *J&J Sports Prods., Inc. v. Valerio*, No. 19-CV-3653 (ER), 2023 WL 5498961, at *2 (S.D.N.Y. Aug. 25, 2023) (citation omitted). A district court is "not obligated to undertake a line-by-line review of [an] extensive fee application. It may, instead, 'exercise its discretion and use a percentage deduction as a practical means of trimming fat.'" *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014).

### A.  Reasonable Hourly Rate for Legal Tasks

"The reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Lilly v. City of New York*, 934 F.3d 222, 231 (2d Cir. 2019). Courts consider the following factors in determining the reasonable hourly rate: "the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases." *Hashimi v. Conandy Realty LLC*, No. 23-CV-2300 (LDH) (MMH), 2025 WL 914697, at *2 (E.D.N.Y. Mar. 26, 2025) (citation omitted). Finally, under the "forum rule," courts "should generally use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee.'" *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 172 (2d Cir. 2009).

5

Upon consideration of the above factors, the undersigned finds Ms. Barducci's recommended rate of $525 per hour of legal work to be unreasonably high. Regarding the labor and skills required and the difficulty of the case, ADA default judgment cases like the case at bar are regarded as "straightforward"; they do not require labor or skill extensive enough to justify such a high rate. *See Rouse v. Broadway & Cooper LLC*, No. 23-CV-7849 (RER) (JAM), 2025 WL 1249605, at *2 (E.D.N.Y. Apr. 30, 2025) ("[A]s in similar ADA claims in this district where Barducci previously obtained default judgments, the work is not 'sufficiently complex to justify [her] requested rate" of $545 per hour) (citation omitted); *Hashimi, LLC*, 2025 WL 914697, at *3 (E.D.N.Y. Mar. 26, 2025) (finding that "boilerplate language" in the complaint and default judgment award warranted reducing Ms. Barducci's hourly rate from $525 to $300 per hour); *see also Gomez v. Kedo LLC*, No. 24-CV-1556 (LGS) (KHP), 2025 WL 2466141, at *2 (S.D.N.Y. May 15, 2025) ("Moreover, the work performed on this mat[t]er was not complex. The judgment was obtained via a default.").

Ms. Barducci's experience, reputation, and ability also weigh in favor of reducing her hourly rate. Indeed, attorneys with more extensive experience are often awarded far less than the rate she requests in the instant case. *Grinblat v. H & 6 Assocs. Inc.*, No. 19-CV-2034 (LDH) (SMG), 2020 WL 7000347, at *3 (E.D.N.Y. July 10, 2020) (awarding another attorney with over 16 years' experience $300 per hour in an ADA case). Further, attorneys in this district are generally awarded much lower rates for their work in ADA cases than what Ms. Barducci requests. *Grinblat*, 2020 WL 7000347, at *3; *Chavez v. 25 Jay St. LLC*, No. 20-CV-845 (AMD) (PK), 2021 WL 982865, at *8-9 (E.D.N.Y. Feb. 24, 2021), *report and recommendation adopted*, 2021 WL 980257 (E.D.N.Y. Mar. 16, 2021) (same). As indicated in the chart below, the rates awarded to Ms. Barducci in other cases also reflect these trends.

| Case | Hourly Rate (Legal) |
|---|---|
| *Rouse v. Broadway & Cooper LLC*, No. 23-CV-07849 (RER) (JAM), 2025 WL 1249605, at *3 (E.D.N.Y. Apr. 30, 2025) | $300 |
| *Hashimi v. Conandy Realty LLC*, No. 23-CV-2300 (LDH)(MMH), 2025 WL 914697, at *3 (E.D.N.Y. Mar. 26, 2025) | $300 |
| *Rouse v. Jay St Fresh 9 Cents Pizza Inc.*, No. 23-CV-6548 (FB), 2025 WL 2605605, at *1 (E.D.N.Y. Sept. 9, 2025) | $250 |

Ultimately, the undersigned respectfully recommends a rate of $300 per hour for Ms. Barducci.

### B. Reasonable Hourly Rate for Clerical Tasks

Ms. Barducci's suggested administrative rate of $125 per hour is also unreasonably high. *See Rouse*, 2025 WL 1249605, at *3 (noting that "[t]his district commonly awards $75 for administrative hours.") As noted in the chart below, all of the other actions brought by Ms. Barducci in the EDNY have resulted in lower administrative awards than what she requests. *See also Treyger v. First Class Furniture & Rugs Inc.*, No. 21-CV-2902 (EK) (RLM), 2022 WL 543026, at *8 (E.D.N.Y. Jan. 10, 2022), *report and recommendation adopted*, 2022 WL 541795 (E.D.N.Y. Feb. 23, 2022) (noting that a rate of $100 per hour for administrative work is on "the upper end of the compensation range" and therefore requires "compelling justification.").

The administrative tasks represented on Ms. Barducci's billing statement were relatively straightforward clerical tasks and therefore do not provide the "compelling justification" needed to support such a high rate. *Id.* Again, as indicated in the chart below, the rates awarded to Ms. Barducci's administrative team in other cases also reflect these trends.

| Case | Hourly Rate (Administrative) |
|---|---|
| *Rouse v. Broadway & Cooper LLC*, No. 23-CV-07849 (RER) (JAM), 2025 WL 1249605, at *3 (E.D.N.Y. Apr. 30, 2025) | $75 |
| *Hashimi v. Conandy Realty LLC*, No. 23-CV-2300 (LDH)(MMH), 2025 WL 914697, at *3 (E.D.N.Y. Mar. 26, 2025) | $75 |
| *Rouse v. Jay St Fresh 99 Cents Pizza Inc.*, No. 23-CV-6548(FB), 2025 WL 2605605, at *1 (E.D.N.Y. Sept. 9, 2025) | $75 |

Thus, given the approved rates in previous cases brought by Ms. Barducci, a reduction in rate from $125 per hour to $75 per hour is reasonable.

### C. Reasonable Hours

Counsel's use of templates, blended rates for legal and clerical tasks, and the lack of attempt to enforce the judgment warrant reductions in hours requested.

First, in several filings, Ms. Barducci referred to Plaintiff by the incorrect pronouns, and even the incorrect name, suggesting that she uses a template for these matters, which would minimize the hours she expended. Dkt. No. 1 ¶¶ 5-6 (incorrect pronouns); Dkt. No. 12-2 (incorrect defendants on the proposed default judgment, which Plaintiff sought to correct in Dkt. No. 14); Dkt. No. 13 at 3 (incorrect Plaintiff's name in the memorandum of law for the default judgment motion); *id.* at 4 (incorrect pronoun); Dkt. 14 at 1 (referring to the incorrect plaintiff in an attempt to correct the incorrect proposed default judgment); *see Broadway & Cooper LLC*, 2025 WL 1249605, at *2 ("Perhaps indicative of the boilerplate nature of this case, Barducci erroneously listed defendant names from other cases on the billing statement."); *Hashimi*, 2025 WL 914697, at *4 (justifying reduction "[i]n cases such as the instant matter where the pleading and motion for

8

a default judgment are cookie-cutter and almost identical to other cases filed by plaintiff's counsel"); *see also Renna v. Bright Mountain Media, Inc.*, 19-cv-5510 (LDH), 2020 WL 6786011, at *3 (E.D.N.Y. Oct. 19, 2020) ("reduc[ing] the number of compensable hours, noting that [counsel] has filed literally hundreds of similar, straightforward copyright actions utilizing templates"); *S.C. v. New York City Dep't of Educ.*, 2024 WL 1447331, at *8 (S.D.N.Y. Apr. 2, 2024) ("The facts in this case warrant a 25% reduction . . . billed for the federal case. [Counsel] has once again excessively billed for boilerplate and/or recycled pleadings.").

Second, counsel has further sought to blend legal work with clerical tasks and bill at the higher rate, which justifies a reduction of hours sought. *See e.g.*, Dkt. No. 18-2 at 1 (4/22/24 Entry that billed 0.3 legal hours and 0.3 administrative hours for "Electronically File Complaint, Civil Cover, and Summonses for Issuance; 4/22/24 Entry that billed 0.2 legal hours and 0.2 administrative hours for "Download Issued Summonses and Forward to Process Server for Service"); 5/9/24 Entry that billed 0.5 hours for "Drafted /Efiled Notice of Dismissal; 6/19/24 Entry for 0.2 hours for Drafted /Efiled Motion to Re-instate the Case; 10/16/24 Entry for 0.7 legal hours billed for "Drafted/ Efiled Motion to Amend; 10/24/24 entry for 0.9 legal hours for "Drafted Fee Motion – Efiled"). This blending of the legal and clerical rates is inappropriate. *See Broadway & Cooper LLC*, 2025 WL 1249605, at *2 ("'some of the attorney's tasks were clerical ones normally performed by an administrative assist or paralegal,' permits the Court to deduct a reasonable percentage of the number of hours claimed."); *Torcivia v. Suffolk Cty.*, 437 F. Supp. 3d 239, 253 (E.D.N.Y. 2020) (reducing the number of hours sought because the attorney blended clerical with legal tasks).

Finally, Ms. Barducci's billing records do not show any attempt to enforce the injunction, which also counsels in favor of reducing the amount of hours billed. *See Rouse*, 2025 WL

9

1249605, at *2 (stating that Ms. Barducci's failure to attempt to enforce the injunction warranted reducing her hours worked on the case). Here, Plaintiff initially requested 180 days after the entry of default judgment to make a attorneys' fee motion. Dkt. No. 13 at 9. The undersigned recommended that the 180-day request be granted. *Dunston*, 2024 WL 5164694, at *12. The Court granted Plaintiff's request. Order dated Jan. 13, 2025. After default judgment, counsel made no efforts to enforce the judgment, but rather pointed to the same billing records filed before the issuance of default judgment. Dkt. No. 21 (citing Dkt. No. 18-2). Thus, the lack of attempt to enforce the inunction further counsel in favor of reducing the hours billed.

Therefore, the Court reduces the total number of hours by 20%. *See Broadway & Cooper, LLC*, 2025 WL 1249605, at *3 (reducing Ms. Barducci's total number of hours by 20% because of straightforward nature of the case, and charging attorney hours for clerical tasks); *Hashimi*, 2025 WL 914697, at *4 (reducing Ms. Barducci's hours by 20% "given that this is a relatively straightforward ADA case and some of the attorney's tasks were clerical ones normally performed by an administrative assistant or paralegal."); *Jay St Fresh 99 Cents Pizza Inc.*, No. 2605605, at *1 (reducing the requested hours by 50%). Therefore, the total attorneys' fees sought is as follows:

|  | Requested Hourly Rate | Reasonable Hourly Rate | Requested Hours | Reasonable Hours (20% Reduction) | Lodestar |
|---|---|---|---|---|---|
| Legal Tasks | $525 | $300 | 13.2 | 10.56 | $3,168 |
| Clerical Tasks | $125 | $75 | 3.4 | 2.72 | $204 |
| TOTAL |  |  |  |  | $3,372 |

**B.    Costs**

Plaintiff also requests "$2,465.28 in costs and another [*sic*], with further administrative fees from work conducted by this firm's staff." Dkt. No. 21 at ¶ 12. Courts in this district,

10

however, "have rejected the award of costs without supporting documentation." *Jay St Fresh 9 Cents Pizza Inc.*, 2025 WL 2605605, at *1 (citing *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 219 (E.D.N.Y. 2019)). Because Plaintiff has failed to submit proper documentation for costs such as the service fees and the "ADA Consultant Report," the undersigned respectfully recommends denying these costs. Dkt. No. 21 . Plaintiff, however, is entitled to reimbursement of the $405 filing fee, as the docket confirms this payment.[3] Dkt. No. 1; *see Broadway & Cooper LLC*, 2025 WL 1249605, at *3 (awarding the filing fee, which is the only cost the court could take judicial notice).

Therefore, the undersigned respectfully recommends awarding $3,372 in attorneys' fees, and $405 in costs. Viewed at the macro level, the recommended attorneys' fees and costs award similarly appears reasonable. *Broadway & Cooper LLC*, 2025 WL 1249605, at *3 (awarding $3,187.50 and $402 to Ms. Barducci); *Hashimi*, 2025 WL 914697, at *6 (awarding $3,030 in attorneys' fees, $900 in expert fees, and $447 in costs); *Jay St Fresh 99 Cents Pizza, Inc.*, 2025 WL 2605605, at *1 (awarding $1,737.50 in attorney's fees and $402 in costs).

### III. Conclusion

For the reasons set forth above, the undersigned respectfully recommends that Plaintiff's motion be granted in part and denied in part, to wit: Plaintiff is awarded $3,372 in attorneys' fees and $405 in costs. A copy of this Report and Recommendation is being electronically served on counsel. This Court directs Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendant and to file proof of service on ECF by October 23, 2025.

---

[3] The billing statement lists the filing fee as $402, however, the Docket confirms that the cost of filing was $405. Dkt. No. 18-2; Dkt. No. 1.

11

Copies shall be served at the following addresses

St Cafe LLC
343 Tompkins Ave.
Brooklyn, NY 11216

St Cafe LLC
7014 13th Ave., Suite 202,
Brooklyn, NY 11228

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Merchant. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:     Brooklyn, New York
          October 22, 2025          **SO ORDERED.**

                                                            */s/ Joseph A. Marutollo*
                                                            JOSEPH A. MARUTOLLO
                                                            United States Magistrate Judge